IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

United States                                    Plaintiff
     v.            4:21-CR-00120 HFS
JASON POTTER, ET AL                              Defendants

Defendant Jason Potter's Motion For
Disclosures Under Brady/Giglio, Etc

Comes now defendant Jason Potter and for
his motion states:

1. Defendant Potter hereby requests prompt
disclosure of all discovery or exculpatory
information pursuant to Brady v. Maryland,
373 US 83 (1963); Giglio v US, 405 150 (1972);
or progeny.

2. Such disclosure should include but not be
limited to impeachment material, criminal history
information, prior bad acts, consideration,
promises, or leniency, threats, prior testimony,
capacity to testify, etc.

3. Defendant Potter requests that all such
material now in the possession of, or
available to the government, be disclosed

within 14 days; and that all such information coming into the possession of the government at a later time be disclosed within a reasonable time of the discovery or knowledge of that information.

4. Defendant Potter, request the disclosure of all information discoverable under any federal rule or any local rule, applicable to federal criminal cases.

5. The government should be required to make reasonable inquiry of proper persons in the offices of counsel for the government, or other offices or persons likely to have discoverable information, so as to ensure that all the government fully complies with its disclosure duties.

6. Defendant Potter request the disclosure of any facts for which he will or might be punished in the case of a guilty plea or guilty verdict or finding of guilt after a bench trial, other then or in addition to those facts set forth in plain language within the indictment

7. Defendant further specifically request in paper form all copys of police reports that pertain to defendants case, from all officers reports.

8. Defendant specifically request in paper form all police reports from Lee's Summit Missouri, with incident reports on July 15, 2020 that pertain to defendant Potters case.

9. Defendant request newest up to date tow policys, tow policys prior to and after July 15, 2020 of the Lee's Summit, Missouri, Police Department Tow Policys, including K.C.P.D. tow policys, in paper form

10. Defendant request all body camera footage taken by the Lee Summit Missouri Police Department that pertain to defendants case.

11. Defendant Potter request Lee Summit Missouri Police Departments Body Camera Policys in copy paper form

12. Defendant request Lee Summit Missouri Police Departments Inventory Search Policy and any other Standard Operating Procedures that pertain to defendants case, in Paper Form

13. Defendant request all information that pertains to "AUTHORIZATION NOT TO TOW forms" from the Lee Summit Missouri Police Departments Policys, or any other government official office, in the Jackson County Missouri

14. WHEREFORE, Defendant Jason Potter respectfully requests an ORDER commanding the government to comply with all lawful discovery and disclosure requirements within 14 days of the courts order, based upon the exercise of reasonable due diligence, commanding the government to supplement within a reasonable time of coming into possession or knowledge of discoverable information, and for such other and further relief as may be appropriate, whether or not specifically requested.

By: Jason M. Potter
*Jason Potter*
Bates County Detention
6 West Fort Scott
Butler, MO. 64730

3/28/2022
Date

CERTIFICATE OF SERVICE
PRISON MAILBOX RULE

Defendant by his signature above pursuant to 28 USC 1746 declares under penalty of perjury that on the date set forth above he placed a copy of this pleading in the jail/prison outgoing mail receptacle with sufficient 1st class postage attached addressed to clerk of court for filing and service via CM/ECF

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

UNITED STATES                                                              PLAINTIFF

V.                                  4:21-CR-00120 HFS

JASON POTTER, ET AL                                                        DEFENDANTS

DEFENDANT JASON POTTER'S MOTION FOR EARLY PRESENTENCE REPORT

Comes now Defendant Jason Potter, (Defendant) and for his motion states:

1. Defendant Potter has been informed of the existence of pending criminal charges in the captioned case.

2. Defendant Potter has been informed, pursuant to the US Supreme Court case *Class v. US*, 200 L. Ed. 2d 37 (2018) that "[T]he plea of guilty is, of course, a confession of all the facts charged in the indictment, and also of the evil intent imputed to the defendant." (Citing to *Commonwealth v. Hinds*, 101 Mass. 209, 210 (1869).)

3. Defendant Potter is entitled, at the least, to enter either a plea of "guilty" or "not guilty" as he may choose on the basis of a fair and reasonably complete understanding of the nature and cause of the accusations against him.

4. Defendant Potter firmly stands upon his right to enter an informed and voluntary plea at arraignment, either personally or by and through counsel.

5. Defendant Potter cannot upon the bare reading of the specific indictment now pending before the bar of the court understand the charges.

1

6. Defendant Potter cannot reasonably know and comprehend the facts that will be for all practical purposes deemed "admitted" by a guilty plea, or the evil intent to be relied upon by the Court in consideration of punishment.

7. Defendant Potter is reasonably certain that he will be able to understand the charges, sufficient to enter an informed and voluntary plea, if he is given a chance to promptly and fairly confer with the appropriate US Probation Officer, in the preparation and submission to the Court, of a Presentence Investigation Report (PSR).

8. More than 95% of all federal defendants ultimately plead guilty.

9. Furthermore, statistically speaking more than 90% of all federal criminal defendants electing a trial, whether by jury or to the court, will be convicted of one or more counts of the indictment.

10. Therefore, neither the government nor the US Probation nor the administration of justice will be prejudiced or disadvantaged in any material way, by the early production of a PSR, since a PSR is virtually always eventually required.

11. An early PSR will contribute to judicial economy, inasmuch as it gives the defendant a better understanding of the true nature and cause of the accusation, the consequences of various findings of fact, and the government's theories of the case and their factual support.

12. Defendant Potter is both statutorily and constitutionally entitled to a fair and speedy trial.

13. The federal Speedy Trial chapter, in 18 USC 3161(h)(3)(A), excludes from speedy trial calculations "any period of delay resulting from the absence or unavailability of the defendant or an essential witness."

14. The same chapter, in 18 USC 3162(b), provides punishment for counsel who knowingly allow a case to be set for trial without disclosing the fact that a "necessary" witness would be unavailable for trial.

15. Defendant Potter, and also the American public generally, are all beneficiaries of the right to speedy trial. Defendant Potter claims all such rights (whether statutory or constitutional) for himself.

16. Defendant Potter needs to know the identity of all witnesses known to or reasonably ascertainable by the government, so as to assist in assuring that neither Defendant Potter nor his counsel will be liable for punishment for allowing a trial to be set despite the unavailability of any "essential" or "necessary" witness.

17. Defendant Potter respectfully claims and stands upon his constitutional right of compulsory process for witnesses favorable to the defense.

18. Defendant Potter has legal and equitable rights to evaluate witnesses known to the government, and their relevant personal knowledge, so as to determine for himself whether are not such witnesses may have knowledge such that Defendant Potter would need in order to fairly and effectively exercise his 6th Amendment constitutional right of compulsory process for witnesses in a criminal case.

19. Defendant Potter cannot well exercise his constitutional rights, and discharge his statutory obligations, without knowing the identity of witnesses known to the

3

government, and the substance of their knowledge of facts material to this case, prior to the time that this court sets this case for trial.

20. Federal criminal cases are routinely set for trial at the arraignment, or within a few days thereafter.

21. Therefore, Defendant Potter is constitutionally and statutorily entitled to knowledge of ***all*** witnesses known or believed by the government to have knowledge of facts material to the issues in this case, including but not limited to basic facts, facts establishing jurisdiction or venue, etc.

22. Defendant Potter is constitutionally entitled to plead according to his choice and informed decision making, whether "guilty" or "not guilty," without the threat of retaliation of any kind, including but not limited to threats of additional charges, more severe punishment, novel theories of prosecution, "plumping" of the facts, etc.

23. Therefore Defendant Potter respectfully requests that this Honorable District Court order the production of the PSR, with all deliberate speed, fairly and honestly upon the accusations in the indictment returned by the grand jury, and not otherwise.

24. Defendant Potter by his signature below agrees to such production of a PSR, and to its early disclosure to the District Court and other authorized persons.

25. Defendant Potter respectfully requests that the District Court order and direct that the government refrain from any retaliation or adverse consequence whatsoever, based upon Defendant Potter's election(s) with respect to the claims of constitutional right, including but not limited to the right to jury trial.

26. Alternatively, Defendant Potter respectfully requests an order commanding the government to disclose, within 5 days of the Court's order, the sum and substance of all threats, retaliation, or adverse consequences whatsoever, that the government may or will utilize in order to "incentivize" the Defendant's "waiver" or other surrender, relinquishment, or diminution of any constitutional right.

27. Defendant Potter needs this information in order to make an informed decision concerning his legal acts, including but not limited to his entry of a legally authorized plea, or later change of plea, in this criminal case, either personally or by and through counsel. This request should not be construed to include any criticism of the open and honest rules providing for a 2 or 3 point reduction for acceptance of responsibility, assessed against fair, honest, evenhanded, and disinterested calculations in the PSR. Defendant Potter can review these rules in various publicly available legal resources.

28. Defendant Potter has procured information presumably useful in the preparation of a PSR, based on his understanding of the general outline and the facts normally set forth in a PSR, in order to streamline the process and reduce the time and effort necessary to produce an early PSR. Defendant Potter stands ready and willing to expedite the process, reduce the burden on US Probation, etc., to the extent not unduly prejudicial to Defendant Potter's constitutional and statutory rights.

29. Defendant Potter respectfully requests advance notice, at the earliest practicable time, of any unagreed facts for which the Defendant will not be

permitted a determination by jury verdict, special verdict, interrogatories, or other findings of fact by the jury.

30. Defendant Potter respectfully requests guidance concerning the process and procedure for litigating disputes, should any arise, concerning findings of the PSR.

31. Defendant Potter respectfully requests formal advance notice of any intention *by the Court* to consider a potential upward variance or departure, and the reasons for same. See *Irizarry v. US*, 553 US 708 (2008), which suggests that such a request is a suitable method of addressing the "distinction without a difference" between a "variance" and a "departure."

32. Defendant Potter hereby agrees to waive speedy trial as to those days necessary and proper for the expeditious preparation of an early PSR, including such time as the Court may deem appropriate for either resolving, or setting the framework for resolving, disputes with respect to fair characterization of the accusations of the indictment.

WHEREFORE, Defendant Potter respectfully requests that this Court order an early PSR, to be prepared as soon as reasonably practicable, conformably to the statutory and constitutional rights of Defendant Potter as outlined herein, and otherwise; for an order prohibiting the government from any retaliation or adverse consequence whatsoever, for the claim and exercise of any constitutional or statutory right; alternatively for prompt disclosure of all threats, retaliation, or adverse consequences that the government will or may use to "incentivize" the waiver of one or more constitutional or other legal rights whatsoever; for notice of

any potential upward variance or departure, and the reasons for same, as contemplated by *Irizarry*; for notice of the procedure and means for challenging findings of the PSR; and for such other and further relief as may be appropriate whether or not specifically requested.

By: /s/ Jason Potter          3/28/2022
Jason Potter, #51307-509     Date
Bates County Jail
6 West Ft. Scott
Butler, MO 64730

## CERTIFICATE OF SERVICE - PRISON MAILBOX RULE

Defendant by his signature above pursuant to 28 USC 1746 declares under penalty of perjury that on the date set forth above he placed a copy of this pleading in the jail/prison outgoing mail receptacle, with sufficient 1st class postage attached, addressed to the clerk of court for filing and service via CM/ECF.