IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

United States
  v.                              4:21-CR-00120 HFS
Jason Potter, et al

Defendant Jason Potter's MOTION TO A FAIR AND SPEEDY TRIAL, PURSUANT TO THE SPEEDY TRIAL ACT

Comes now defendant Jason Potter and for his motion states:

~~[scribbled out]~~

1. A defendant in detention solely for the purpose of awaiting trial is entitled to be tried within 90 days of the later of the fileing and made public of the information or Indictment, 18 USC 3164(b) See also the last sentence of 18 USC 3174(b), stating that GENERAL ENLARGEMENTS of the 70 day clock dont change this 90 day limitation on detention.

2. DISTRICT COURTS are obligated to prepare plans to ensure compliance with the

Speedy Trial Act. 18 USC 3165;3166

3. Defendant Jason Potter's claim to his right to speedy trial are both Constitutional and statutory, and thus insist on gaining knowledge presumed to be essential to ensuring that speedy trial is not evaded. 18 USC 3161(h)(3)

4. The unavailability of an "essential" witness delays the trial and interferes with the statutory and constitutional right, therefore the defendant, has a legitimate need to know the identity of all essential witnesses. the defendant has filed motion for an Early PSR with this motion. The Fifth Amendment to the United States Constitution provides for the right to compulsory process for the production of witnesses for the defense.

5. The government has chose to keep defendant detained in a detention center awaiting trial, and further has delayed trial and fair hearings do to Conflicts of Interest that were in violation of defendants 6th Amendment

to the United States Constitution to have conflict free representation. This conflict of Interest unfairly delayed the proceeding and prejudice defendant to fair hearings and right to Fair and Speedy Trial.

6. Defendant respectfully request this court to order sanctions provided in 18 USC 3162(b) when or if these provisions are violated.

WHEREFORE, Defendant Potter respectfully request that this Court order Fair and Speedy Trial with Subtituted Counsel who will assert defendants rights, and defend effectively. Or in the alternative grant some relief such as a reasonable bond, or for such other relief as may be appropriate whether or not specifically requested.

By: Jason Potter 3/28/2022
Jason Potter #51307-509
Bates County Detention

CERTIFICATE OF SERVICE

Defendant by his signature above pursuant to 28 USC 1746 declares under penalty of perjury that the date set forth above placed copy of this pleading in the jail/outgoing box addressed to the Clerk for filing & service via CM/ECF

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

UNITED STATES                                                          PLAINTIFF

V.                          4:21-CR-00120 HFS

JASON POTTER, ET AL                                                    DEFENDANTS

DEFENDANT JASON POTTER'S MOTION FOR DISCLOSURE OF
COOPERATORS

Comes now Defendant Jason Potter, (Defendant Potter) and for his motion states:

1. Defendant Potter is currently incarcerated.

2. On information and belief, Defendant Potter is at least some of the time incarcerated with "co-operators," who provide information or testimony or other services for state, local, or federal governments, or their agencies or associates.

3. Defendant Potter has exercised his right to speak to government officials and agents ONLY 1) by and through 6th Amendment counsel, or 2) in writing, based upon knowledge of the name, ID number, current employment status, current job title, and disclosure of all government employment within the past 10 years.

4. It is well known that the government sometimes uses incarcerated persons to ask questions and gain admissions from criminal defendants or unindicted targets to whom the co-operator has access.

5. If Defendant Potter knows or has good reason to believe that any person, whether or not incarcerated, is a DE FACTO government agent, or co-operator with any government agency, he will not speak with that person, or in his presence or within earshot, except by and through counsel.

1

6. If a co-operator has ACCESS to Defendant Potter, that would give said co-operator plausible basis for testifying about things allegedly said by the Defendant, whether or not such testimony might have any basis in fact.

7. Defendant Potter claims and exercises his 5th Amendment right not to be a witness against himself in any criminal case, unless and until advised to do otherwise by competent counsel.

8. Being involuntarily forced to live in close quarters with a co-operator carries a serious probability of being forced to live with false testimony, (which may be utterly devastating) which may also render his 5th Amendment right not to be a witness against himself in a criminal case a nullity, or nearly so.

9. Defendant Potter has an attorney either on retainer, or on standby, or will within a reasonable time make a satisfactory attorney available for such purpose, who can speak with the government or its agents (whether formal or informal) at the direction of the Defendant, conformably with Defendant Potter's directives and constitutional rights.

10. The government has multiple "pods" (inmate housing units) at Defendant Potter's place of confinement.

11. Thus the government can either move co-operators to a pod of their own choosing, or else identify said cooperators to Defendant Potter.

12. Thus the government will not be prejudiced by being forced to either disclose all co-operators, when and as they become known, or else promptly move said co-operators out of proximity with Defendant Potter.

13. Defendant Potter therefore respectfully requests the identification of all persons incarcerated with him, who are cooperating with any government agency, or who have co-operated within the past 10 years.

14. Defendant Potter has no intention of committing any unlawful act against any co-operator. In fact, Defendant Potter intends to exert every fiber of his being to enforce the Standards for Adult Correctional Institutions, 4th Edition (Standards, 4th Ed.) and all other relevant legal authorities governing the care and treatment of prisoners, on behalf of co-operators confined in any jail or prison occupied by the Defendant.

15. Defendant Potter therefore respectfully requests the identification of all persons incarcerated with him, who are cooperating with any government agency, or who have co-operated within the past 10 years.

16. To the extent that the government has less restrictive means to protect Defendant Potter's legitimate rights, with less impact on government operations, Defendant Potter respectfully requests that the government plead and present any such alternatives for the consideration of this Court, giving Defendant Potter fair opportunity for response.

WHEREFORE, Defendant Potter respectfully requests an order that the government disclose to the said Defendant Potter all cooperators, whether formal or informal, who have or may have physical access to Defendant Potter while incarcerated, whether pretrial, post-trial, or otherwise; and for such other and further relief as may be appropriate whether or not specifically requested.

3

By: *Jason Potter*         Date: 3/28/2022
Jason Potter, #51307-509
Bates County Jail
6 West Ft. Scott
Butler, MO 64730

### CERTIFICATE OF SERVICE - PRISON MAILBOX RULE

Defendant by his signature above pursuant to 28 USC 1746 declares under penalty of perjury that on the date set forth above he placed a copy of this pleading in the jail/prison outgoing mail receptacle, with sufficient 1st class postage attached, addressed to the clerk of court for filing and service via CM/ECF.