IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-00120-01-CR-W-HFS |
| | ) |
| JASON POTTER, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

On November 8, 2022, Defendant Jason Potter filed a motion requesting, among other things, to represent himself in this matter (Doc. 108) and a motion asking for an early presentence investigation report (Doc. 109). On November 29, 2022, the Court granted Defendant's request to proceed pro se. Docs. 112-13. At that time, the Court did not address Defendant's request for an early presentence investigation report because it was simultaneously filed with his request to proceed pro se. Since being allowed to proceed pro se, Defendant has filed numerous motions. This Order addresses the following pro se motions: Motion for Early Presentence Report (Doc. 109), Motion for an Order Compelling Discovery (Doc. 114), Motion to Clarify the Record (Doc. 115), Motion for Sanctions (Doc. 116), Motion and Request for a Faretta Hearing (Doc. 117), Motion for Subpoena Forms (Doc. 119), Request for Notifications (Doc. 125), Request to be Notified of Filings (Doc. 126), Motion to be Heard on All Motions Filed (Doc. 127), and Request for Transcript of the Motion to Suppress Hearing (Doc. 130).[1]

---

[1] This Order does not address Defendant's Second Motion for Sanctions (Doc. 128), Request for Filing Update and Hearing on Motions for Sanctions (Doc. 129), or Motion for Bond and Pretrial Release (Doc. 134), which remain pending.

Motion for Early Presence Report (Doc. 109)

Defendant asks the Court to order the United States Probation and Pretrial Services Office to prepare a pre-plea presentence investigation report so that he can "understand the charges, sufficient to enter an informed and voluntary plea . . . ." Doc. 109 at 2, 4. This Court's general practice is to direct the United States Probation and Pretrial Services Office to prepare a presentence investigation report after a defendant has been found guilty, either by entering a plea or being found guilty at trial. *See United States v. Cooper*, No. 21-03053-01-CR-S-BP (May 12, 2022) (Doc. 25); L.R. 99.8; Fed. R. Crim. P. 32(c)-(e). However, if a defendant "has signified an intention to enter a plea of guilty," and he or she consents, a magistrate judge may order the commencement of a presentence investigation. L.R. 72.1(e)(17).

Defendant has not signified any intention of entering a plea of guilty. Further, his belief that the presentence investigation report will assist him in understanding the charges against him is speculative and does not justify deviation from the Court's general practice. For these reasons, the Court **DENIES** Defendant's request for a pre-plea presentence investigation report.[2]

Motion for an Order Compelling Discovery (Doc. 114)

On July 30, 2021, the Court issued its Scheduling, Trial, and Continuance Order, setting forth discovery deadlines in this matter. Doc. 15. On December 1, 2022, Defendant filed a motion asking the Court to compel the Government to produce discovery, including but not limited to the video recordings of his July 15, 2020 traffic stop, the names of witnesses who testified before the grand jury or will testify at a hearing or trial, and a hard copy of certain documents. Doc. 114. In

---

[2] Defendant's motion also indicates he "needs to know the identity of all witnesses known to or reasonably ascertainable by the government." Doc. 109 at 3. This request appears to be unrelated to Defendant's motion for a pre-plea presentence investigation report. Regardless, the Court addresses the parties' discovery obligations and other deadlines (including witness lists) in this Order.

response to Defendant's motion, the Government acknowledges its discovery obligations and identifies the discovery that it has produced. Doc. 121 at 2-3.

Specific to the video recordings of Defendant's July 15, 2020 traffic stop, Defendant's prior counsel confirmed with the Court that the four versions of the video recordings were identical. Doc. 96. At that time, any issue regarding the video recordings of the traffic stop was resolved. Doc. 97. Defendant fails to present any evidence suggesting the Court should reopen consideration of the issue, and nothing in the record establishes an alternative or additional recording exists. Therefore, the Court **DENIES** Defendant's request to compel this discovery.

Regarding Defendant's request for the names of witnesses who will testify at trial, the Scheduling, Trial, and Continuance Order requires the parties to file witness lists at least fourteen days prior to trial. Doc. 15 at 3. The Scheduling, Trial, and Continuance Order set forth the Court's standard practice of parties agreeing to provide Jencks Act material at least fourteen days prior to trial. *Id*. at 6. No party filed an objection to this deadline. Thus, to the extent Defendant's motion seeks Jencks Act material, the Government has agreed to produce it at least fourteen days prior to trial. With regard to Defendant's request for the names of witnesses who testified before the grand jury, the Government also informs the Court that it is in the process of uploading the grand jury transcript to the computer Defendant may use to review his discovery at the federal courthouse. Doc. 121 at 4. Thus, the Court **DENIES** Defendant's request to compel this discovery.

Defendant also asks for hard copies of police reports, tow forms, policies, and other discovery. Doc. 114 at 3-6. During the *Faretta* hearing, the Court repeatedly warned Defendant of the dangers and disadvantages of proceeding pro se. Specific to reviewing discovery, the Court informed Defendant that if he was allowed to proceed pro se, the policy of the United States Attorney's Office requires him to make arrangements to be brought to the courthouse to review

discovery in the United States Marshal's facility.[3] To the extent Defendant's motion asks to review discovery at the Bates County Detention Center, the Court **DENIES** the request.

Defendant's motion also asks for copies of transcripts from all court proceedings. Doc. 114 at 4. The Court **GRANTS** Defendant's request for the transcript from his suppression hearing. Because the Court grants this request, Defendant's request for a copy of the transcript of the suppression hearing is rendered moot. Accordingly, the Court **DENIES AS MOOT** Defendant's Request for Transcript of the Motion to Suppress Hearing (Doc. 130). With regard to other hearings held in this matter, Defendant sets forth no basis for why he needs those transcripts, and therefore, the Court **DENIES** his request for transcripts of all court proceedings.

Motion to Clarify the Record (Doc. 115)

Defendant asks that filings specifically identify the defendant – Jason Potter (Defendant 1) or Daniel Dryden (Defendant 2) – to which the filing refers and not solely utilize "Defendant." Filings related solely to one defendant identify that defendant by his name and/or his defendant number. Additionally, the text entry associated with each filing indicates the defendant(s) to which the filing or proceeding relates. *See, e.g.*, Docs. 3-7, 11-21, 31, 35-36, 41-45, 58-66, 69-75, 77-78, 80-81, 83-102, 104-06, 108-31 (Defendant Potter only); Docs. 22-25, 29-30, 32, 48, 52, 57, 68, 82 (Defendant Dryden only); Docs. 1-2, 34, 49, 75, 107 (both defendants). Accordingly, the Court **DENIES AS MOOT** Defendant's motion to clarify the record.

Motion for Sanctions (Doc. 116)

Defendant seeks sanctions against his previously appointed CJA counsel and counsel for the Government. Doc. 116 at 1. He argues both attorneys have failed to comply with discovery

---

[3] According to the Government's response to Defendant's motion, it sent a letter to Defendant on December 12, 2022, informing him that his discovery would be available for review electronically at the United States Marshals Service Office located at the federal courthouse. Doc. 121 at 4.

obligations and alleges the attorneys are "in collusion with one another." *Id*. at 4-5, 7-8, 10, 12-14. Defendant also seems to relitigate issues, including but not limited to the video recordings of his traffic stop, that were raised during the suppression hearing. *Id*. at 1-10. In response to Defendant's motion, the Government acknowledges discovery is governed by Rule 16 of the Federal Rules of Criminal Procedure as well as this Court's Scheduling, Trial, and Continuance Order (Doc. 15). Doc. 122 at 4. The Government also represents the same video recordings of Defendant's July 15, 2020 traffic stop were produced to each of his three previously appointed attorneys and submitted to the Court during the suppression hearing. *Id*. at 5. Defendant's appointed counsel confirmed the video recordings were identical. Doc. 96.

Defendant's motion does not contain any indication that the Government has failed to comply with its discovery obligations under the current Scheduling, Trial, and Continuance Order (Doc. 15), the United States Constitution, the Federal Rules of Criminal Procedure (including Rule 16), the Federal Rules of Evidence, or relevant case law. Defendant's speculation and conjecture as to what has or has not been produced are insufficient to support a motion for sanctions. For these reasons, the Court **DENIES** Defendant's motion.

<u>Motion for a Faretta Hearing (Doc. 117)</u>

Defendants indicates he wishes to discharge his CJA-appointed counsel and proceed pro se. However, the Court already granted Defendant's request to represent himself. Docs. 112-13. Accordingly, Defendant's motion and request for a Faretta hearing is **DENIED AS MOOT**.

In the same motion, Defendant asks for an Order directing the Bates County Detention Center, where he is currently housed, to provide Defendant with "adequate access to use the law library via the tablet device that [is] routinely handed out to inmates," "refrain from retaliation" against Defendant for proceeding pro se, allow him access to legal files and computer programs, instruct the facility as to how Defendant communicates with witnesses and investigators, and direct

the facility to follow its mail policy. Doc. 117 at 3-4. Defendant also asks for copies of the Federal Rules of Criminal Procedure, Federal Rules of Civil Procedure, Federal Rules of Evidence, Federal Rule of Appellate Procedure, Local Rules, "entire code Title 21 Food and Drug," "Criminal and Traffic Law Manual for State of Missouri," and "Title 28, Judiciary and Judicial Policy." *Id.* at 4. These requests pertain to the conditions of confinement at the Bates County Detention Center, including, but not limited to, Defendant's access to legal materials. Consequently, the Court must defer to the facility's decisions.

"Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of the policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979) (citations omitted). The courts' deference to a correctional officials' decisions extends to the facility's policies and practices related to access to the courts. *See Bear v. Kautzky*, 305 F.3d 802, 806 (8th Cir. 2002) (citations omitted) (noting "there is no one prescribed method of ensuring inmate access to courts," and a facility "may experiment with prison libraries, jailhouse lawyers, private lawyers on contract with the prison, or some combination of these and other devices").

Additionally, federal prisoners challenging a condition of confinement must file a separate civil action after exhaustion of remedies. *See, e.g.*, *United States v. Garcia*, 470 F.3d 1001, 1003 (10th Cir. 2006); *United States v. Carmichael*, 343 F.3d 756, 761 (5th Cir. 2003); *United States v. McConneyhead*, 2 F. App'x 330, 331 (4th Cir. 2001). The same rule applies to federal pretrial detainees; they must file a separate civil action to challenge a condition of confinement. *See Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 138-39 (7th Cir. 1995); *United States v. Gomez*, No. 20-CR-20408, 2020 WL 7213822, at *7 (E.D. Mich. Dec. 7, 2020); *United States v. Kahn*, No. 17-CR-0029-ABJ, 2019 WL 3977353, at *1 (D. Wyo. Mar. 29, 2019); *United States v. Loera*, No. CR 13-1876 JB, 2017 WL 3098257, at *26-28 (D. N.M. June 22, 2017). Claims concerning

conditions of confinement typically cannot be raised in a motion filed in a federal criminal case. *See United States v. Hollis,* No. CR-F-08-276 OWW, 2009 WL 902062, at *1 (E.D. Cal. Apr. 1, 2009); *see also Kahn*, 2019 WL at *2 (recognizing "the Court's authority to redress conditions-of-confinement issues is severely limited within a criminal case.").

This rule prevents prisoners and pretrial detainees from bypassing the exhaustion and other requirements of the Prison Litigation Reform Act. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in a jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *see also Loera*, 2017 WL 3098257, *27 (citations omitted). Further, jail officials and custodians who are responsible for conditions of confinement are not named parties in a federal criminal case. *See United States v. Luong*, No. CR. 99-433 WBS GGH, 2009 WL 2852111 at *2 (E.D. Cal. Sept. 2, 2009) (citation omitted). One recognized exception to this general rule is such filings may be appropriate in a criminal proceeding where a federal pretrial detainee's conditions of confinement affect the ability to access counsel. *See Falcon*, 52 F.3d at 139; *United States v. Miske*, No. 19-00099-DKW-KJM, 2021 WL 1084874, at *2-4 (D. Haw. Jan. 15, 2021); 18 U.S.C. § 3142(i)(3) (requiring any detained defendant "be afforded reasonable opportunity for private consultation with counsel."). However, because Defendant elected to proceed pro se in this matter, access to defense counsel is not at issue.

Here, Defendant asks this Court to reverse decisions or policies rendered by the Bates County Detention Center regarding Defendant's conditions of confinement. Generally, he may only challenge the conditions of confinement through a separate civil action. This Court will not substitute its judgment for that of jail administrators concerning conditions of confinement or the management of a detention facility.

Further, during the *Faretta* hearing, the undersigned repeatedly warned Defendant of the disadvantages and difficulties inherent with self-representation. The undersigned specifically advised Defendant that, by representing himself, he was on his own, the Court would not be able to offer legal advice or assistance, and the applicable procedural and evidentiary rules would not be relaxed for his benefit. Defendant now appears to be confronting some of the "disadvantages" inherent with self-representation that were covered extensively during the *Faretta* hearing. These disadvantages, however, do not entitle Defendant to the relief he seeks with respect to his conditions of confinement. For these reasons, the Court **DENIES** any relief Defendant seeks with regard to his conditions of confinement.

Motion for Subpoena Forms (Doc. 119)

Defendant asks the Court to provide him with the "proper" forms for a subpoena duces tecum and a subpoena ad testificandum. Pursuant to the Federal Rules of Criminal Procedure, "[t]he clerk must issue a blank subpoena—signed and sealed—to the party requesting it, and that party must fill in the blanks before the subpoena is served." Fed. R. Crim. P. 17(a). If the Court is requesting the clerk issue blank subpoenas that are signed and sealed by the Clerk of the Court, the Court **GRANTS** Defendant's request. The Clerk of the Court is directed to provide a signed and sealed blank subpoena duces tecum and a signed and sealed blank subpoena ad testificandum.

Requests for Notifications (Doc. 125 and 126)

In his Requests for Notification, Defendant asks for a copy of the docket sheet, file-stamped copies of his pro se motions, and to be notified when "all filings are made." Docs. 125-26. The Court **GRANTS IN PART** Defendant's requests. The Clerk of the Court is directed to provide a copy of Defendant's docket sheet.

Because Defendant is pro se, all filings related to the charges against him should be mailed to him. The Court mailed a copy of its November 29, 2022 Order to Defendant. *See* Doc. 112.

8

The Government's filings indicate copies were mailed to Defendant. *See* Doc. 121 at 5; Doc. 122 at 7; Doc. 124 at 6. Thus, the Court **DENIES AS MOOT** Defendant's request to be notified with each filing.

Finally, the Court **DENIES** Defendant's request for file-stamped copies of his prior filings. If Defendant wants to receive a file-stamped copy of his filing, he must request a file-stamped copy from the Clerk of the Court, and he must provide a self-addressed stamped envelope addressed to him.

Request to be Heard on All Motions Filed (Doc. 127)

Defendant asks for the Court to set a hearing so that he may be heard on his pro se motions. Because this Order addresses Defendant's pro se motions that are fully briefed, it is unnecessary for the Court to hold a hearing. Therefore, the Court **DENIES AS MOOT** Defendant's Request to be Heard on All Motions Filed.

To the extent the foregoing motions seek relief other than what is discussed above, the Court **DENIES** said requests.

**IT IS SO ORDERED.**

DATE: January 6, 2023      /s/ *W. Brian Gaddy*
                           W. BRIAN GADDY
                           UNITED STATES MAGISTRATE JUDGE