IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-00120-CR-W-HFS |
| ) | |
| JASON M. POTTER ) | |
| ) | |
| Defendant. ) | |

ORDER

Presently pending is a motion to suppress (Doc. 74), and a Report and Recommendation (Doc. 99), as well as various motions by defendant in his pro se status. (Docs. 143 and 144).

Defendant's authority to represent himself should not be given retroactive effect—authorizing him to reopen briefing on the motion to suppress. Defendant's counsel did not call him as a witness at the suppression hearing (which conforms with usual practice), and he currently suggests no pertinent testimony he could supply. In the unlikely event there is a sound complaint about counsel's conduct it would be premature to deal with it until a 2255 motion is timely. In any event, an overly literal

application of the tow policy should not defeat the common-sense use applied here. Defendant's contention about retention of the car keys makes no practical difference when a timely potential driver has not been identified.

After review of the record and briefing, the Report and Recommendation (Doc. 99) is ADOPTED, and the motion to suppress (Doc. 74) is DENIED, as well as the pro se motions requesting overruling of the R&R (Doc. 143), and for leave to file objections and supplemental objections to the R&R (Doc. 144). [1]

                                                 */s/ Howard F. Sachs*
                                                 HOWARD F. SACHS
                                                 UNITED STATES DISTRICT JUDGE

Dated: January 20, 2023
Kansas City, Missouri

---

[1] Since the filing of the R&R, defense counsel has filed objections (Doc. 110), and defendant has also filed objections in his pro se status, specifically arguing violation of a right to be heard at the suppression hearing. (Doc. 120). As noted above, the undersigned has reviewed the record and briefings associated with this matter, and despite defendant's repeated protests, he offers no persuasive authority to revisit issues that have been considered in full.