IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 21-00120-01-CR-W-HFS |
| JASON M. POTTER, | ) ) ) | |
| Defendant. | ) | |

## ORDER

Pending is Defendant Jason M. Potter's pro se Motion to Recuse (Doc. 149), which is accompanied by Defendant's pro se Affidavit in Support of Motion to Recuse (Doc. 150). As stated by the Court during the pretrial conference on January 23, 2023, and more fully explained below, Defendant's motion is **DENIED**.

Pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455, Defendant moves for the undersigned to recuse in this matter. Doc. 149 at 1; Doc. 150 at 1. 28 U.S.C. § 144 states the following:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. In accordance with 28 U.S.C. § 455, a judge shall "disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . ." *Id*. § 455(b)(1).

Judges are presumed to be impartial, and the party seeking recusal bears the "substantial burden of proving otherwise." *United States v. Minard*, 856 F.3d 555, 557 (8th Cir. 2017) (citation omitted). The undersigned is permitted to render a decision on a motion seeking his recusal. *See Akins v. Knight*, 863 F.3d 1084, 1086 (8th Cir. 2017) ("Our court as well as others have routinely affirmed recusal decisions rendered by the judge against whom the motion is directed.") (citations omitted). Decisions on recusal are committed to the court's sound discretion and are reviewed on appeal under an abuse of discretion standard. *See id.*; *United States v. Johnson*, 47 F.3d 272, 276 (8th Cir. 1995).

Section 144 requires, among other things, the party seeking recusal file a sufficient affidavit. 28 U.S.C. § 144. The "affidavit must strictly comply with all of the statutory requirements before it will effectively disqualify a judge." *In re Medlock*, 406 F.3d 1066, 1073 (8th Cir. 2005) (citation omitted). Defendant filed a document styled as an "affidavit," which he signed "under penalty of perjury." Doc. 150 at 1, 8. The "affidavit" does not reference or adopt the allegations set forth in Defendant's motion to recuse (Doc. 149); instead, it lodges additional complaints about the Court. *See* Doc. 150.[1] Neither Defendant's motion nor the "affidavit" is accompanied by a certificate of good faith from counsel of record.[2]

In the motion and "affidavit," Defendant seeks the undersigned's recusal from this matter due to the undersigned's rulings and orders, the undersigned's report and recommendation related to Defendant's motion to suppress, and evidence admitted, not offered, or excluded from the

---

[1] Because Defendant's motion to recuse fails on other grounds, the Court need not decide whether Defendant's "affidavit" satisfies section 144's affidavit requirement.

[2] Since November 29, 2022, Defendant has been representing himself in this matter, but the Court appointed stand-by counsel. Docs. 112-13. The counsel certification requirement is discussed *infra*.

suppression hearing. Doc. 149 at 1-12; Doc. 150 at 2-4, 7.[3] Although Defendant chose to proceed pro se and was warned about the difficulties of representing himself, Defendant argues the "limitations and restrictions" that the Court placed on his standby counsel show the undersigned's "bias" and "prejudice." Doc. 149 at 12.[4]

Defendant's motion to recuse is based on complaints about court rulings and how the court conducted hearings or appointed counsel. According to the United States Supreme Court, "judicial rulings almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Likewise, the Eighth Circuit has found that opinions formed by a judge as a result of what the judge observed in prior proceedings may not be characterized as bias or prejudice. *See Nelson v. United States*, 297 F. App'x 563, 566 (8th Cir. 2008). Additionally, the Eighth Circuit has noted that recusal "should rest upon an appearance of bias or prejudice derived from an extrajudicial source." *United States v. Martin*, 757 F.3d 776, 778 (8th Cir. 2014) (citation omitted). Defendant's "affidavit" focuses on the Court's decisions and orders and points to no evidence of bias or prejudice. Accordingly, the "affidavit" is insufficient under section 144 and fails to demonstrate the undersigned must recuse pursuant to section 455.

In addition to his "affidavit" being insufficient under section 144, Defendant's motion to recuse is not timely under either section 144 or 455. According to the Eighth Circuit, a motion to

---

[3] Examples of Defendant's complaints include the undersigned's report and recommendation on Defendant's motion to suppress omitting facts, the undersigned admitting hearsay evidence during the suppression hearing, the undersigned inappropriately rewriting a tow policy and violating Missouri statutes, the Government illegally requesting the tow policy's wording be changed, the Court leaving the suppression hearing record open for the parties to address certain discovery issues before the report and recommendation was issued, Defendant' desire to be called as a witness at the suppression hearing, the Government committing discovery violations including its failure to identify a police officer at the suppression hearing, and the Court erring in the manner in which it handled appointment of standby counsel. Doc. 149 at 1-12.

[4] Defendant also avers the undersigned is colluding with Government counsel and/or CJA appointed counsel. Doc. 149 at 4, 6, 8, 11. This allegation, however, is based on speculation and conjecture, and thus, this argument based on this allegation fails. Defendant's motion also complains about three attorneys who the Court appointed to represent him. Doc. 150 at 1-7. Complaints about his appointed counsel do not form a basis for showing the undersigned is biased or prejudiced.

3

recuse is properly denied if the motion is not timely made. *White v. Nat'l Football League*, 585 F.3d 1129, 1138 (8th Cir. 2009); *see also* 18 U.S.C. § 144 (requiring a timely and sufficient affidavit); *Holloway v. United States*, 960 F.2d 1348, 1355 (8th Cir. 1992) (recognizing an affidavit under section 144 or a motion under section 455 will not be considered unless timely made). "Timeliness requires a party to raise a claim at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim." *White*, 585 F.3d at 1138 (citation omitted). Courts, including this one, have applied the same timeliness standard to motions seeking recusal under section 144. *See, e.g.*, *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993) (citation omitted); *Alexander v. Medtronic, Inc.*, No. 2:12-cv-04104-NKL, 2012 WL 3724052, *2 (W.D. Mo. Aug. 27, 2012) (applying the same timeliness standard under both sections 144 and 455).

Here, the recusal motion and accompanying "affidavit" were filed on January 13, 2023, but the motion complains of court rulings and proceedings that occurred some time ago. The Court appointed counsel in November 2021 (CJA counsel Al White) and January 2022 (CJA counsel Lisa Nouri); the suppression hearing was conducted on August 17, 2022; the suppression hearing record was closed on August 30, 2022; the undersigned issued the report and recommendation on Defendant's motion to suppress on October 14, 2022; and the Court converted CJA counsel's role to standby counsel on November 29, 2022. Docs. 21, 36, 90, 96-97, 99, 112-13. Defendant's motion, however, was filed more than a year after he claims the undersigned's bias or prejudice was initially shown.

It was not until several months after the undersigned issued a report, recommending the district court deny Defendant's motion to suppress, that Defendant moved for the undersigned's recusal. A motion to recuse "is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *White*, 585 F.3d at 1138 (citation omitted).

4

Further, a motion to recuse should not be used as "a fallback position to be asserted only after an adverse ruling." *Id.* at 1141. Once Defendant believed he had knowledge of bias or prejudice, he should have filed his motion to recuse. Yet, Defendant waited more than year (after the Court's appointed substitute counsel in November 2021) or several months (after the Court held the suppression hearing or closed the suppression hearing record) to file his motion. Thus, Defendant's motion to recuse is untimely under both sections 144 and 455.

Finally, the Court notes Defendant's "affidavit" is not accompanied by a certificate of counsel of record stating the motion is made in good faith. 28 U.S.C. § 144. This section 144 requirement was meant to prevent abuse of the recusal procedure. *See Mitchell v. United States*, 126 F.2d 550, 552 (10th Cir. 1942). In *United States v. Olan*, the Eighth Circuit held the certificate of good faith must be signed by "an attorney at law admitted to the bar of the court who has been counsel of record in the case." 190 F.2d 1, 6 (8th Cir. 1951). At least four district courts have held a pro se litigant cannot seek recusal under section 144 unless it is accompanied by a certificate of good faith executed by counsel. *See United States v. Roberts*, No. 1:07-CR-157-CAP, 2013 WL 12291470, at *1 (N.D. Ga. Oct. 30, 2013); *Green v. Stevenson*, No. 12-432, 2012 WL 2154123, at *2 (E.D. La. June 13, 2012); *United States v. Bennett*, No. SACR 03-25 AHS, 2008 WL 2025074, at *1 (C.D. Cal. May 5, 2008); *Robinson v. Gregory*, 929 F. Supp. 334, 337-38 (S.D. Ind. 1996). This Court does not need to reach this issue because, as explained above, Defendant's affidavit does not otherwise comply with section 144's requirements.

For all the foregoing reasons, Defendant's pro se Motion to Recuse (Doc. 149) is **DENIED**.

**IT IS SO ORDERED.**

DATE: January 23, 2023  /s/ W. Brian Gaddy
W. BRIAN GADDY
UNITED STATES MAGISTRATE JUDGE